IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WOODROW SELLS, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:23-cv-547 |
| ) | |
| vs. ) | |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION d/b/s AMTRAK, ) | |
| ) | |
| Defendant ) | |

PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Woodrow Sells, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Woodrow Sells, is a resident of Carroll County in the State of Indiana and a former employee of Defendant.

2. Defendant, National Railroad Passenger Corporation d/b/a Amtrak, (hereinafter "Amtrak" or "Defendant") is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in Marion County in the State of Indiana.

3. Mr. Sells filed a Charge of Discrimination (Charge 470-2022-00604) with the Equal Employment Opportunity Commission ("EEOC") on or about January 28, 2022, alleging, *inter alia*, that Defendant had violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Mr. Sells a 90-day Right to Sue letter on January 25, 2023.

5. Mr. Sells invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## General Facts & Specific Allegations

7. Plaintiff, who was employed by the Defendant as a boilermaker welder since July 2012, is a follower of the Christian faith.

8. On or about September 2021, Defendant notified Plaintiff that it was mandating Covid-19 vaccines for all employees no later than November 22, 2021.

9. Plaintiff's informed Defendant that taking the vaccine violated his sincerely held religious beliefs and submitted a request for a religious exemption on October 12, 2021.

10. On October 25, Defendant informed Plaintiff that he had until November 10, 2021, to be fully vaccinated or he would be terminated for insubordination.

11. On October 28, 2021, Defendant placed Plaintiff on a 90-day unpaid leave of absence to begin December 8, 2021 and terminated his benefits.

12. Sells was further notified that outside employment would result in loss of his seniority.

13. Sells was thereby constructively discharged on December 8, 2021 when he was no longer allowed to work for Defendant or any other employer.

## Count I
## Title VII - Religion

14. Plaintiff incorporates by reference Paragraphs one through thirteen (13) above.

15. Plaintiff is in a protected class based on his religion.

16. Defendant criminated against Mr. Sells on the basis of his religion when it insisted he get vaccinated in violation of his sincerely held religious beliefs, suspended his employment without pay or benefits and conditioned his seniority remaining unemployed, and thereby constructively discharged him.

17. Mr. Sells' religion was the motivating factor in Defendant's treatment of him, and his eventual termination.

18. Similarly situated employees outside Plaintiff's protected class were treated more favorably that Plaintiff and allowed medical exemptions and testing requirements.

19. These actions violated Mr. Sells' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

20. As a result of the foregoing, Mr. Sells has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

21. As a result of Defendant's actions, Mr. Sells has incurred attorney fees and costs.

22. Defendant's actions were done with malice or willful reckless disregard to Mr. Sells' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## Retaliation

23. Plaintiff Incorporates by reference Paragraphs one through twenty-two (22) above.

24. Defendant retaliated against Ms. Sells for complaining of religious discrimination and announcing his intent to file a religious exemption in response to Defendant's mandate.

25. Defendant further terminated Plaintiff in retaliation for submitting a religious exemption based on his sincerely held religious beliefs.

26. Plaintiff's complaints of discrimination and protected activities are the motivating factors behind Plaintiff's termination.

27. As a result of the foregoing, Mr. Sells has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

28. As a result of Defendant's actions, Mr. Sells has incurred attorney fees and costs.

29. Defendant's actions were done with malice or willful reckless disregard to Mr. Sells' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

        Respectfully submitted,

        HENN HAWORTH CUMMINGS + PAGE

        <u>/s/ Paul J. Cummings</u>
        Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road - Suite B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax